Evelyn Carmona **GONZALEZ**, a minor, represented by her mother with patria potestas, Natividad Gonzalez; Fructuosa Gonzalez, Nemesio Pirela, and Natividad Gonzalez, Plaintiffs,

v.

**UNITED STATES** of America, Defendant.

Civ. No. 9096.

United States District Court
D. Puerto Rico, San Juan Division.

May 1, 1956.

Action wherein defendant moved for dismissal of third and fourth causes of action or counts on the ground that they failed to state claims upon which relief could be granted. The District Court, Ruiz-Nazario, J., held, inter alia, that under Puerto Rican law, the plaintiff maternal grandmother could not recover damages for mental and moral anguish for contemplating her granddaughter's condition and sufferings resulting from injuries caused by negligence of defendant, nor could the grandmother recover for personal services in attending the child while child was at the hospital.

Antonio M. Bird, San Juan, P. R., for plaintiffs.

Ruben Rodriguez Antongiorgi, U. S. Atty., San Juan, P. R., for defendant.

**RUIZ-NAZARIO**, District Judge.

**I.**

This action is before the Court on defendant's motion to dismiss which originally raised the questions that this court lacks jurisdiction over the subject matter and that the complaint fails to state a claim upon which relief can be granted. At the hearing defendant limited its motion to the contention that the complaint, in its third and fourth causes of action or counts, fails to state claims upon which relief can be granted to co-plaintiffs Fructuosa Gonzalez and Nemesio Pirela, respectively, and withdrew all the other original grounds of its said motion.

The parties have filed memoranda in support of their respective positions on the questions under consideration and those appear to be the following:

1. Whether co-plaintiff Fructuosa Gonzalez, allegedly a maternal grandmother in charge of her granddaughter, Evelyn Carmona Gonzalez since the latter's birth, may recover damages, exclusively consisting of mental and moral anguish, "from contemplating her granddaughter's condition and sufferings" in consequence of serious personal injuries which the latter had suffered, and which required the latter's hospitalization for a period of one hundred seventy five days, it being alleged that said injuries, some of them believed to be permanent, were caused by the negligence of the defendant, as claimed in the third count or cause of action of the complaint.

2. Whether co-plaintiff Nemesio Pirela, who allegedly has lived continuously in concubinage with the aforesaid Fructuosa Gonzalez, and claims to be the foster father of the injured girl, may recover damages, exclusively consisting of intense moral and mental anguish "from contemplating his foster daughter's condition and sufferings" in consequence of the alleged injuries and accident above referred to, as claimed in the fourth count or cause of action of the complaint.

3. Whether co-plaintiff Fructuosa Gonzalez may recover from defendant the value of her services for having "spent one hundred and seventy five consecutive days in the hospital giving continuous personal attention" to her said granddaughter, as claimed in the third count or cause of action of the complaint.

As I am bound by the decisions of the Supreme Court of Puerto Rico I must review the present state of the law in this jurisdiction.

In Ruberte v. American Railroad Co., 52 P.R.R. 157, 360, 457, last opinion on reconsideration, the Court held that irrespective of whether the father of the deceased was his heir or not, because the latter "not only had a duty" springing from Sections 142 and 143 of the Civil Code, 1930 Ed., Title 31 L.P.R.A. §§ 561, 562, "*to support his father* but actually contributed to the support" "a cause of action arose" in favor of the father "by reason of the *death* of his son" "the negligence of the defendant being established." (at p. 459).

The court also held that Section 1802 of the Civil Code of Puerto Rico, 1930 Ed. (now Title 31 L.P.R.A. § 5141) is a primary source of an action for damages, and that in the event of *wrongful death* the right of action does not depend solely and *exclusively* on Section 61 of the Code of Civil Procedure (Title 32 L.P.R.A. § 311) and that this Section and Section 60 (Title 32 L.P.R.A. § 310) of the Code of Civil Procedure, as said in Orta v. P. R. Railway Light & Power Co., 36 P.R.R. 668, "may perhaps give causes of action to persons who previously did not have them and *prevent others from exercising similar actions.*" (Emphasis supplied.)

The Ruberte case was applied in Mendez v. Serracante, 53 P.R.R. 807, another wrongful *death* case, in which the court accorded so much importance to the provisions of Section 61 of the Code of Civil Procedure, Title 32 L.P.R.A. § 311, that it held the lower court erred in not holding that the failure of plaintiffs to show that they were "the sole heirs" of the deceased, entitled defendant to a judgment dismissing the complaint.

In Carrasquillo v. Am. Missionary Association, 61 P.R.R. 837, defendants moved for reconsideration on the ground that the judgment granted the parents of the injured child compensation for the mental and physical (sic) suffering Suffered By Them as a consequence of their seeing their son suffering, *there being no law to authorize said compensation.* The Court in denying the motion said:

"Section 60 of the Code of Civil Procedure, as amended by the Act of July 20, 1921 (Act No. 77, Laws of 1921, p. 702), grants to the *legitimate father* or *legitimized natural father and the legitimate or natural mother* the right to institute an action for the injury or death of a minor child, when such injury or death is caused by the wrongful act or neglect of another. Said section also provides that the action may be

instituted against the person causing the injury or death, and if such person is employed by another person who is liable for his conduct, against the latter also.

"As can be seen, the cause of action granted by the law to the *parents* is not limited to those cases in which the minor has lost his life. The *parents* have the right to recover damages *also,* in those cases in which the minor has suffered personal damages." (Emphasis supplied.)

Said case has been later cited by the Supreme Court of Puerto Rico in several cases and the above holding has not been reversed, modified, explained or in any way disturbed.

Indeed in Yordan v. Rios, 68 P.R.R. 241, a case where the damages claimed were those exclusively suffered by the injured child, the Court, at page 244, Headnotes 1, 2, Footnote 1, cited the Carrasquillo case, supra, with approval, and held that a cause of action under Section 1802 of the Civil Code of Puerto Rico (Title 31 L.P.R.A. § 5141) is *different* from a cause of action under Sec. 60 of the Code of Civil Procedure of Puerto Rico (Title 32 L.P.R.A. § 310) because the former is the cause of action to be brought by the parent on *behalf of his minor child,* while the later is the cause of action to be brought by the *parent* in *his own behalf.*

In Rivera v. Rossi, 64 P.R.R. 683, and Muriel v. Suazo, 72 P.R.R. 348, recovery was allowed for humiliation and damages to the feelings derived from willful wrongs (unlawful attachment in the first; discrimination and deprivation of access to a public night club, because of color and race, in the second).

Diaz v. Water Resources Authority, 71 P.R.R. 872, follows Mendez v. Serracante, supra, and adds that the action may be maintained by the natural parents of the deceased, pursuant to Rule 17(j) of the Rules of Civil Procedure for the Courts of Puerto Rico, which is substantially identical to Section 60 of the Code of Civil Procedure, Title 32 L.P.R.A. § 310.

Travieso v. Del Toro, 74 P.R.R. 940, also a wrongful *death* case, followed Ruberte supra. In this case the Court said:

"(1) The original source for a claim for damages for death is § 1802 of our Civil Code, and not Rule 17(k) or § 61 of the Code of Civil Procedure. Orta v. Porto Rico Railway, Lt. & P. Co., 36 P.R.R. 668. In order that a claimant may have a valid cause of action for said reason, technically he need not be an heir, it being enough if he is the father of the victim, (Judgment of the Supreme Court of Spain of December 20, 1930) and that he has suffered damages due to his condition and relation as parent, considering the *destruction of his actual or potential right to receive support* and the permanent suspension of the prospective benefits that he might have received from his son. Cf. Ruberte v. American R. R., 52 P.R.R. 457; Lopez v. Rexach, 58 P.R.R. 145; Diaz v. Water Resources Authority, 71 P.R.R. 872." At page 945 (emphasis supplied).

" * * * (12, 13) Referring now to the case at bar, under § 1802 the father, intervener-appellant, is authorized to sue the person alleged to be responsible for the death of his child, even when there is a recognized natural daughter, since the parent-children relationship is such that the parent, when his son dies, *loses his right to support, which § 143 of our Civil Code established.* Even if the father did not actually and affectively receive support at the time of his child's death, *he loses the reasonable expectancy of pecuniary benefits* inherent in the parent-children relationship. The relationship in itself *gave rise to a reasonable expectancy of support and future benefits.* As stated in Colombo, Op. Cit., p. 733, note 1047:

"Human life is a juridical property, an economic asset equal to any other asset and more worthy of protection than all of them, it is a social

wealth destined to be, in the future, a source of benefits, above all in the humble homes, where the parents, when they lose their children suffer the loss of all the expenses and sacrifices, expressed in terms of money, in which they have incurred, in order to preserve the life of their children whom they contemplate with well-founded expectation as their protection and *support in old age."* At page 956 (emphasis supplied).

In said case, the Court, after conceding that under Rule 17(k) of the Rules of Civil Procedure for the Courts of Puerto Rico, the father had a valid cause of action, added that it was unnecessary that it base its decision on said rule, because it was clear that Sec. 1802 of the Civil Code was also applicable.

In Vazquez v. People, 76 D.P.R. 594 (Spanish text), 76 P.R.R.—which is the last case on the subject cited by the parties, and which plaintiffs invoke as giving support to the third and fourth causes of action assailed by defendant's motion to dismiss, the court had before it another wrongful *death* case, in which the widow, three brothers and a sister of the deceased sued the People of Puerto Rico, under a special act enacted therefor, for damages suffered by them on account of the death of Jovino Vazquez Rosario caused by the negligence of an agent of the defendant in the course of his employment.

From a judgment in favor of all the plaintiffs, defendant appealed, assigning as an error of the trial court that it awarded damages to the brothers of the deceased exclusively on the basis of their mental pain and suffering for his death and their loss of his company and affection. Appellant alleged that in an action for wrongful *death,* pecuniary damages may be recovered but that unless the existence of pecuniary damages is established, damages for mental suffering are not independently recoverable.

In affirming the judgment, the court, although conceding that the co-plaintiffs, brothers and sister of the deceased, had not shown that they had *actually* suffered

pecuniary damages, nevertheless decided that it was unnecessary that this be proved to support the judgment.

The Court cited Travieso v. Del Toro, supra, stating that in said case pecuniary damages had been proven, and further cited Rivera v. Rossi, supra, and Muriel v. Suazo, supra (which were not actions for wrongful *death* and in which no negligent accident was involved as hereinbefore explained), in support of the proposition that damages to the feelings are recoverable independently of any physical impact.

With the exception of the Carrasquillo case, Rivera v. Rossi and the Muriel v. Suazo case, all of the cases I have reviewed, were actions for wrongful death. Carrasquillo, the only case with a factual situation comparable to the one now before me, was decided strictly on the express language of Section 60 of the Code of Civil Procedure (Title 32 L.P.R.A. Sec. 310), which does not limit the parents right to compensation to cases of loss of life. Rivera v. Rossi and Muriel v. Suazo were actions for willful wrongs (see Annotation 23 A.L.R. p. 383 et seq.) and can hardly support the theory of causes of action three and four of the present complaint.

The wrongful *death* cases hereinabove reviewed clearly and unequivocally show that the right of action of the relatives of the deceased, who were the claimants in said cases, was recognized, for either of two reasons:

(a) Because by virtue of their condition and relation with the deceased, their *real or potential right to support* and the *prospective benefits* they could have lawfully received from the deceased had been permanently lost by them on account of his death; and that thus, irrespective of the non-existence of hereditary rights under the law, they fell under the class of persons meant to be protected by Section 1802 of the Civil Code of Puerto Rico (Title 31 L.P.R.A. Sec. 5141).

(b) Because even if not falling within the class protected by said Section 1802 of the Civil Code they fell within the

definition of sole heirs under the provisions of Sec. 61 of the Code of Civil Procedure (Title 32 L.P.R.A. Section 311, Rule 17(k) of the Rules of Civil Procedure for the Courts of Puerto Rico).

In considering the only other case in which this matter has been discussed, Vazquez v. Pueblo, supra, on which the plaintiffs here place so much stress, and which was a wrongful *death* case, even though the brothers of the deceased, whose right of recovery was questioned, conceded that they had not been deprived of any *actual* support from the deceased, we cannot shut our eyes to the fact that under the last paragraph of Sec. 143 of the Civil Code of Puerto Rico (Title 31 L.P.R.A. Sec. 562) *they enjoyed the right* to *receive support* from his deceased brother and that the loss of this right upon the latter's death (see Sec. 149 of the Civil Code, 31 L.P.R.A. Sec. 568), was a *potential pecuniary* loss, under the wrongful death cases hereinabove cited.

## II.

The challenged causes of Action or Counts.

■ (1) Third cause of action or count. This count or cause of action, as regards the alleged intense mental and moral anguish of the claimant thereunder does not fall either under the provisions of Sec. 1802 and 1803 of the Civil Code of Puerto Rico (Title 31 L.P.R.A. Secs. 5141 and 5142) or under the provisions of Sec. 60 of the Code of Civil Procedure of Puerto Rico (Title 32 L.P.R.A. Sec. 310) or of Rule 17(j) of the Rules of Civil Procedure for the courts of Puerto Rico, and finds no lawful sanction or support under any of the cases cited by plaintiffs and discussed by the court hereinabove.

As regards the claim for services, this does not appear to be lawfully enforceable by said claimant against the defendant herein.

■ (2) The fourth count or cause of action brought by co-plaintiff Nemesio Pirela alleged *foster* father of the injured

girl and who allegedly has lived continuously in concubinage with the *maternal grandmother* of the said girl is for alleged "intense mental and moral anguish from contemplating his foster daughter's condition and sufferings." This alleged count or cause of action does not fall either under the provisions of Sec. 1802 and 1803 of the Civil Code of Puerto Rico (Title 31 L.P.R.A. Secs. 5141 and 5142), or under the provisions of Sec. 60 of the Code of Civil Procedure of Puerto Rico (Title 32 L.P.R.A. Sec. 310) or of Rule 17(j) of the Rules of Civil Procedure for the courts of Puerto Rico, and finds no lawful sanction or support under any of the cases cited by plaintiffs and discussed by the court hereinabove.

Neither co-plaintiff Fructuosa Gonzalez nor co-plaintiff Nemesio Pirela have a right of action, solely and exclusively for the mental pain and sufferings alleged in said third and fourth counts or causes of action of the complaint herein, inasmuch as the accident did not result in the *death* of Evelyn Carmona Gonzalez, for whose sufferings they allege they suffer, and where they do not and cannot allege that they are the *legitimate or natural mother* and the *legitimate or legitimized natural father*, respectively, of the injured child, and thus fail to come within the provisions of Sec. 60 of the Code of Civil Procedure (Title 32 L.P.R.A. Sec. 310; Rule (j), of the Rules of Civil Procedure for the Courts of Puerto Rico). Indeed, co-plaintiff Natividad Gonzalez, the alleged mother of said Evelyn Carmona Gonzalez is enforcing, in this same action (second count or cause of action thereof) *on her own behalf* the very right of action granted under the Code Section above cited, in addition to the different cause of action she is asserting, in the first count or cause of action of the complaint, on *behalf of her minor* child, under Sec. 1802 of the Civil Code (Title 31 L.P.R.A. Sec. 5141), as explained in Yordan v. Rios, supra.

Defendant's motion to dismiss the third and fourth counts or causes of action of the complaint herein for failure

to state claims upon which relief can be granted must be, therefore, granted and the said counts or causes of action of the complaint must be dismissed.

It is so ordered.